[Civil No. 4499.   Filed November 9, 1942.]

[130 Pac. (2d) 918.]

WILLIAM S. SWANK, Appellant, v. KATIE F. YOUNG, Appellee.

Mr. E. E. Selden and Mr. W. H. Chester, for Appellant.

Messrs. Townsend, Jenckes & Wildman, for Appellee.

ROSS, J.—This action is one for the possession by the owner of real property, being lot 4, block 13, Churchill Addition to the City of Phoenix. It was filed August 9, 1941. Defendant Lorraine Ramsey was personally served with summons on that day but failed to answer or appear within the time fixed by law and her default was duly entered. Later, on October 8, 1941, after hearing the evidence, judgment was rendered against her. The other defendant, William S. Swank, on September 25, 1941, filed an answer, the material part of which reads:

"I. That defendant denies the allegations of the plaintiff's complaint and in that regard, the defendant alleges that he is entitled to the whole of the premises described in the plaintiff's complaint by virtue of the provisions of a certain contract covering the aforesaid property wherein the plaintiff was designated as seller and the defendant was designated as buyer of the property as aforesaid and the defendant further states that he is lawfully entitled to possession of the real property described in the plaintiff's complaint."

Thereafter, on September 26, 1941, plaintiff filed a motion for judgment on the pleadings. On October

6th, both parties being present, an order was made by the court granting such motion.

From the judgment defendant Swank has appealed.

From this statement, it is apparent that the only question for decision is the correctness of the court's ruling on the motion for judgment.

While appellant has assigned nineteen errors, based on the court's rulings, we need notice only one, the others being either a repetition of the one or entirely aside from the material facts of the case. Such assignment reads:

"2. The court erred in granting a Motion for Judgment on the Pleadings when such pleadings set forth in the answer, P. 14, R, a clearly defined issue, namely: *right of possession of the premises.*"

■ ■ The action is a possessory one under section 25-1501 *et seq.,* Arizona Code 1939, and the question for decision is not who is the owner of the property but who is entitled to its possession. If the cause of action alleged by appellee shows her to be the owner of the premises in fee simple and that the appellant Swank keeps her out of its possession unlawfully, and such allegations are supported by the evidence, or admitted, or not traversed by a proper denial, a motion for judgment would be proper. The only question, then, is, Does appellant Swank's answer put in issue the appellee's claim of right of possession? The answer, in effect, is that Swank is entitled to the premises "by virtue of the provisions of a certain contract covering the aforesaid property wherein the plaintiff was designated as seller and the defendant was designated as buyer," etc. In other words, he does not set out the alleged contract in *haec verba* so that the court could determine its effect, if any, on the rights of the parties, nor does he plead its substance as he might have done. What the terms of the contract were he does not say, nor can any one tell

from his answer what right or claim, if any, he had to the possession of the property. He merely says he had a contract with plaintiff and that by virtue of it he was entitled to the possession of the property, without alleging what the contract was. His answer admits that title to the premises was in appellee and avers appellant had a contract to buy it but he does not name the terms of such contract, or allege that it is in force, or had not been abandoned, or state any fact showing his possession is not unlawful and tortious. Such answer contains the conclusion of the pleader but it raises no issue of fact and for that reason the court very properly granted appellee's motion for judgment on the pleadings. Section 21–431, Arizona Code 1939.

The judgment is accordingly affirmed.

█ We think we should say in conclusion that the record prepared and certified to this court does not conform with the rules of the court. It includes every paper that was filed and every order and ruling of the court, from the filing of the complaint to the lodging of the record in this court, the larger part of which is irrelevant to any issue properly involved on the appeal. To aggravate this error, this record is copied as the abstract of record. The opening statement in appellant's brief is largely a restatement of such record, with some interpolations. All are more like the work of a layman than members of the bar. Indeed, appellee's counsel in their brief assert all are the work of a layman, which we are reluctant to believe, for, if true, it would reflect on the professional conduct of the attorneys for appellant.

LOCKWOOD, C. J., and McALISTER, J., concur.